## Dicara v. Dicara

Before McCann, P. J., and Griffith, J.

*Marlin B. Stephens* and *Bruce A. Sciotto*, for libellant.

*Englehart & Larimer*, for respondent.

GRIFFITH, J., March 29, 1948.—This proceeding is a rule on libellant to show cause why the decree of di-

vorce entered May 15, 1947, should not be stricken from the record. The petition for the rule averred that service was had upon respondent by publication only, and that the notice of the appointment of a master and of the time and place fixed by him for taking testimony, as well as the notice of the master's intention to file his report recommending a decree in divorce, were served by publication only, in spite of the fact that the eighth paragraph of the libel gave the actual residence of respondent as "2758 Bronx Park East, Bronx, New York". An answer was filed admitting these averments as contained in the petition for the rule, but averring that respondent had actual notice of the pendency of the action.

Testimony was taken on the petition and answer, but from the testimony we are unable to find that respondent had actual notice of the pendency of the divorce proceeding.

Rule 213 of the Court of Common Pleas of Cambria County provides as follows:

"The Master shall give at least ten days' written notice of the time and place of taking testimony to the counsel of the libellant and to the counsel of the respondent if an appearance has been entered. If there be no appearance for respondent the notice shall be given to him or her personally, if possible, or if not, then by leaving it at his or her place of residence, or by registered letter to the address where the Master shall have reason to believe it will be most likely to reach him or her. In all cases when service has been by publication and no appearance entered for respondent, notice of the time and place of taking testimony shall be given once a week for two successive weeks in one newspaper of general circulation in Cambria County."

Libellant's position is that the master has complied with this rule of court. Respondent contends that the rule has not been complied with. Libellant believes that

under the rule, when service on respondent has been by publication, the only notice required of the time and place of taking testimony is notice by publication.

Where the address of respondent is unknown, this court undoubtedly has jurisdiction to enter a valid decree in divorce even though service has been by publication only and notice of the master's hearing has also been given solely by publication. However, here we are presented with a situation where the address of respondent was known from the time the action was instituted by the filing of a libel, and yet with no actual notice to respondent. The master advertised the time and place of his hearing, took testimony, then advertised his intention to file a report recommending a decree in divorce; all with no actual notice to the respondent. Under these circumstances, we believe that due process of law was not accorded respondent. The chance that respondent, a resident of the State of New York, would read the notice of the master's hearing in a Cambria County newspaper was extremely remote. Had her address been actually unknown, the proceeding would have been "due process", because no other means of notice would have been available, but to permit a decree to stand under the present state of the record would ignore not only the interest of respondent but the interest of the State, which seeks to prevent divorce except where fully justified under the law: 2 Freedman on Marriage and Divorce, 1309.

"A State cannot exercise through its courts judicial jurisdiction over the status of a person, unless a method of notification is employed which is reasonably calculated to give him knowledge of the attempted exercise of jurisdiction and an opportunity to be heard": A. L. I. Restatement of the Conflict of Laws 166.

Where the address of respondent is unknown, service by publication is the only method that may be employed to give respondent knowledge of the attempted exercise of jurisdiction; but where the actual address of respondent is known, publication only, without ac-

tual notice, is not in our opinion a method reasonably calculated to give respondent knowledge of the attempted exercise of jurisdiction and an opportunity to be heard.

"Where a respondent has not been served with process, the master's report must show that, before proceeding ex parte, he made a diligent search for the respondent, who could not be found": 15 Standard Pa. Practice 258.

The last sentence of rule of court no. 213, requiring that where service of the libel and subpœna has been by publication, notice of the master's hearing shall be advertised, is in *addition* to, and not a *substitute* for the requirement contained in the preceding sentence of the rule that if there be no appearance for respondent, notice of the hearing shall be given to him personally, by leaving it at his residence, or by registered mail to the address where the master believes it will most likely reach him.

Libellant contends that we may not strike off a judgment regular on its face. This is correct. However, the judgment of divorce in this case is not regular on its face, because the record necessary to sustain it shows on its face that the address of respondent was at all times known, and that no effort to give respondent actual notice of the hearing was made.

In Nixon v. Nixon, 329 Pa. 256, 265, where the court said a petition to strike off had been used to bring before the court matters dehors the record, it was "admitted appellee (respondent) knew that the divorce proceedings were pending in Adams County". The court also said, page 266, "respondent actually knew of the subsequent proceedings all along". Here, we are unable to find that respondent had any knowledge of the pendency of the action until she was notified that a final decree had been entered against her.

We therefore enter the following

*Decree*

And now, March 29, 1948, after argument and upon due consideration, it is hereby ordered and decreed that the decree of divorce entered May 15, 1947, be stricken from the record, and that these proceedings be again referred to R. Meade Stineman, Esq., as master, who is directed to give 10 days' notice to respondent by registered mail at 2758 Bronx Park East, Bronx, N. Y., of the time and place of a hearing, at which respondent shall have full opportunity of cross-examination and of presentation of testimony; after which, said master shall make a further report to the court.